McCORD, Chief Judge.
This is an appeal from final judgment in a death by wrongful act suit growing out of an automobile accident in which Avery Clarence Counts and Darrell R. Nelson were killed. We find no error and affirm.
The action is brought by appellee, the wife of decedent Nelson, against appellants, Shirley N. Counts, as administratrix ad li-tem of the estates of Avery Clarence Counts, deceased, and Leoman Houston, deceased, (the latter being the record owner of the motor vehicle in which decedents Counts and Nelson were riding at the time of the accident) and their insurance carrier Auto Owners Insurance Company. The case was tried before a jury and at the conclusion of appellee’s case, appellants’ motion for a directed verdict was denied. Upon completion of the case, the jury returned a verdict for appellee apportioning damages between the statutory beneficiaries who were entitled to same. Appellants contend the trial court erred in not granting their motion for directed verdict; that they are entitled to reversal and entry of a judgment as a matter of law in their favor. They also contend that the verdict was excessive.
The evidence viewed in the light most favorable to appellee is as follows: Around noon on Sunday preceding the accident, which occurred between 12:15 a. m. and 3:00 a. m. on the following morning, decedent Counts drove over to the Nelson home in his 1969 Toyota automobile (legal title to which remained in Houston who had sold the vehicle to Counts) and invited decedent Nelson to ride with him to the 7-11 store. Counts drove the vehicle out of the Nelson yard with Nelson sitting in the front seat on the passenger side. This was the last that was seen or heard of them until they were both found dead at the scene of the accident about 3:00 a. m. the next morning.
Two highway patrol troopers who investigated the accident and arrived at the scene not long after it occurred found that the right front of the vehicle had struck a culvert and the car had then traveled 32 feet in the air turning over three-fourths of a turn and coming to rest on the driver’s side. It was extensively damaged and was a total loss. The right front body shield and bumper was driven rearward approximately two feet, and the right suspension was driven rearward approximately one foot. The windshield was popped out and the steering column and instrument panel was crushed by occupant impact. The bodies had not been moved. Counts was down against the driver’s door with his legs between the steering wheel and seat, and Nelson was slumped on top of him as the car laid on the driver’s door. Both had received head and facial injuries and blood covered both. There was no evidence to indicate that any other vehicle was involved in the accident or that the two occupants met their death other than as a result of the impact of the accident.
In addition to the physical position of the bodies and the fact that Counts had gone to Nelson’s home in Counts’ automobile and picked Nelson up on the previous afternoon, other evidence supporting the jury’s finding that Counts was the driver of the car was Mrs. Nelson’s testimony that she never knew of her husband driving anyone else’s vehicle other than his employer’s, and he would not even drive her car when she offered it to him. He only drove his Ford truck and never any other.
Appellants contend that the conclusion that Counts was the driver of the vehicle at *355 the time of the accident is merely an inference which is unsupported by evidence, that to further conclude that the accident resulted from negligence of Counts and that Nelson’s death was a result of the accident pyramids inference upon inference. We disagree. There was ample evidence to support the jury’s finding that Counts was the driver of the automobile at the time of the accident. Supporting Counts’ negligence, the evidence shows the following: Counts’ vehicle was in a rundown condition; the brake pedal was soft and under pressure would bottle; the left front tire had 24 pounds of pressure with no tread; the two rear tires had 23 and 13 pounds of pressure with 8/32 and 2/32 tread depth; at speeds between 45 and 55 miles per hour the car had a distinct shimmey or shake of which Counts was aware. The accident occurred on a state road approaching a bridge in Putnam County. As the road travels south and approaches the bridge, it makes a curve to the left with a no passing zone on the left side. On the right side there are several warning signs warning of the bridge and to reduce speed. There was no artificial lighting and the road surface was dry the night of the accident. It is apparent that the automobile was driven off of the road and then traveled down a ditch to a private drive where it hit the concrete culvert. There was no physical evidence of braking or attempts by the driver to turn the vehicle back onto the road. The only evidence presented supports a finding that Counts and Nelson met their death as a direct result of Counts’ negligence in maintaining and driving his automobile. The evidence does not support a reasonable inference to the contrary. Any other finding would be based upon conjecture and speculation not supported by any evidence in the record. Such is outweighed by the evidence supporting Counts’ negligence.
Appellants, in support of their contention that we have only a pyramiding of inferences, rely upon the Supreme Court’s opinion in Voelker v. Combined Insurance Company of America, 73 So.2d 403 (Fla.1954). Voelker, however, involved construction of the terms of an insurance policy which did not cover injuries in which there was no visible contusion or wound on the exterior of the body of the insured causing death. There Voelker was found outside of his automobile floating in water with no visible bruises or abrasions on his body. In the case sub judice we do not have a parallel situation. Here all of the evidence points to Counts as the driver of the automobile, to the accident as to the cause of Nelson’s death and to negligence of Counts as the direct cause of the accident.
We have considered appellant’s second point and find it to be without merit.
Affirmed.
DREW, E. HARRIS and MASON, ERNEST E., (Ret.) Associate Judges, concur.